IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD EDWARDS, :
    Plaintiff, :
 :
v. : CIVIL ACTION NO. 20-CV-0307
 :
BRIAN HESSENTHALER, *et al.*, :
    Defendants. :

# MEMORANDUM

**PRATTER, J.** FEBRUARY 27, 2020

Plaintiff Gerald Edwards, who is representing himself (proceeding *pro se*), filed this civil action, apparently pursuant to 42 U.S.C. § 1983.[1] This is one of several cases Mr. Edwards has filed in this Court arising from proceedings in state court that led to his conviction on citations for various property violations, and which led to his brief imprisonment at the Bucks County Correctional Facility. Mr. Edwards seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint. The Court will also require Mr. Edwards to show cause why he should not be subjected to a prefiling injunction prohibiting him from filing new civil actions about the same subject matter.

---

[1] Mr. Edwards cites various criminal statutes in his Complaint. To the extent he intended to raise claims under those statutes, his claims are dismissed as legally frivolous. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]."); *United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242); *see also Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992). Accordingly, Mr. Edwards's Complaint is best understood as raising claims under § 1983.

I.  **FACTUAL ALLEGATIONS AND LITIGATION HISTORY**

Mr. Edwards's Complaint consists of sparse, unclear allegations and a group of exhibits appended to his Complaint. His claims appear to be in part premised on his dissatisfaction with proceedings in a summary appeal in the Bucks County Court of Common Pleas in which he was found guilty of numerous violations of local ordinances related to maintenance of his property. *See Commonwealth v. Edwards*, CP-09-SA-0000219-2018 (C.P Bucks Cty.); (Compl. ECF No. 1 at 6.)[2] His claims also appear to be based on allegations that while he was incarcerated at the Bucks County Correctional Facility, he did not receive adequate medical care. (Compl. ECF No. 1 at 2, 6.)

As to the medical claims, Mr. Edwards indicates that when he arrived at the Bucks County Correctional Facility, he told a nurse that he was having dizzy spills, had infected teeth, and was using oxygen and inhalers because he suffers from emphysema. (*Id.* at 2 & 6.) Mr. Edwards also alleges that he completed paperwork to see a dentist and doctor but did not see one before he was released. (*Id.*) Documents attached to the Complaint reflect that Mr. Edwards was only incarcerated for a period of five days. (*Id.* at 35 (indicating that Mr. Edwards was incarcerated from April 3, 2019 through April 8, 2019).)

The Complaint names the following Defendants: (1) Brian Hessenthaler; (2) Christopher A. Pirolli; (3) Paul K. Lagana; (4) Kevin M. Rousset; and (5) the Bucks County Correctional Facility. However, the allegations of the Complaint do not concern these Defendants and, in fact, discuss individuals who are not named as Defendants, but whom Mr. Edwards has previously sued. Mr. Edwards seeks damages in the amount of $500,000. (*Id.* at 3.)

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

2

Notably, this is the ninth lawsuit that Mr. Edwards has filed since November 5, 2018 stemming from the citations, the related court proceedings, and jail time he apparently served in connection with the proceedings. He is proceeding in one of those lawsuits on claims related to officials entering his property on July 12, 2018, and searching his mailbox on October 22, 2018, after the remainder of his claims were dismissed upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B). *Edwards v. Morgan*, Civ. A. No. 19-1897 (E.D. Pa.). Mr. Edwards's remaining cases were dismissed upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B) or dismissed for failure to prosecute because he did not file an amended complaint after being give leave to do so after the Court dismissed his initial complaint upon screening. *See Edwards v. Morgan*, Civ. A. No. 18-4776 (E.D. Pa.) (dismissed for failure to prosecute because Mr. Edwards failed to file an amended complaint after his complaint was dismissed upon screening); *Edwards v. McDermott*, Civ. A. No. 18-4777 (E.D. Pa.) (dismissed for failure to prosecute because Mr. Edwards failed to file an amended complaint after his complaint was dismissed upon screening); *Edwards v. Rice*, Civ. A. No. 19-3559 (E.D. Pa.) (dismissed for failure to prosecute because Mr. Edwards failed to file an amended complaint after his complaint was dismissed upon screening); *Edwards v. Baranoski*, Civ. A. No. 19-4609 (E.D. Pa.) (claims against Magisterial District Judge dismissed upon screening); *Edwards v. Freed*, Civ. A. No. 19-4851 (E.D. Pa) (claims against prosecuting attorney dismissed upon screening); *Edwards v. Bucks Cty. Corr. Facility*, Civ. A. No. 19-4923 (E.D. Pa.) (dismissed for failure to prosecute because Mr. Edwards failed to file an amended complaint after his complaint was dismissed upon screening); *Edwards v. Morgan*, Civ. A. No. 19-5806 (dismissed with prejudice upon screening).

All of Mr. Edwards's prior cases concerned the citations and related proceedings in state court. Additionally, two of his prior cases raised allegations — similar to those in the instant

Complaint — that Mr. Edwards was not able to see a doctor or dentist during his incarceration at the Bucks County Correctional Facility even though he informed the intake nurse he suffered from emphysema and had infected teeth. *See Edwards v. Baranoski*, Civ. A. No. 19-4609 (E.D. Pa.) (ECF No. 4 at 1 & 4 n.4); *Edwards v. Bucks Cty. Corr. Facility*, Civ. A. No. 19-4923 (E.D. Pa.) (ECF No. 4). In one case, Mr. Edwards named the Bucks County Correctional Facility as the only Defendant. Although it was explained to him that a correctional facility is not a proper defendant in a § 1983 case and that he must allege facts establishing deliberate indifference to his serious medical needs, and he was given an opportunity to file an amended complaint, he failed to do so. *Edwards v. Bucks Cty. Corr. Facility*, Civ. A. No. 19-4923 (E.D. Pa.). Furthermore, in a Memorandum dated December 13, 2019, which dismissed Mr. Edwards's eighth case, Mr. Edwards was informed that the "repeated filing of duplicative lawsuits raising claims that the Court has already addressed and dismissed may result in restrictions on filing privileges in the future." *Edwards v. Morgan*, Civ. A. No. 19-5806 (ECF No. 4 at 4).

## II. STANDARD OF REVIEW

The Court will grant Mr. Edwards leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Mr. Edwards's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to

4

determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Mr. Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's*

5

*Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Although these principles have been explained to Mr. Edwards in the dismissal of his prior lawsuits, Mr. Edwards has not stated a legal basis for a plausible claim against any of the Defendants for the following reasons.

First, Mr. Edwards's allegations are unclear, and many do not even pertain to the named Defendants, so they cannot establish a basis for a claim against them. Second, as noted above, this is the ninth lawsuit that Mr. Edwards has filed about the citations and the proceeding in state court pertaining to the alleged violations on his property. At this point, the Court considers Mr. Edwards's repeated filing of duplicative lawsuits related to the same subject matter to be an abuse of process that justifies dismissing his current case as malicious. Third, as Mr. Edwards has already been informed, *see Edwards v. Bucks Cty. Corr. Facility*, E.D. Pa. Civ. A. No. 19-

6

4923 (ECF No. 4 at 3), county jails are not "persons" that are "subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). Fourth, as Mr. Edwards has already been informed, *see Edwards v. Bucks Cty. Corr. Facility*, E.D. Pa. Civ. A. No. 19-4923 (ECF No. 4 at 3 n.2), to state a claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs, and Mr. Edwards has not done so here. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam).

In sum, Mr. Edwards's Complaint is deficient for many reasons, and for some of the same reasons his prior pleadings challenging the same subject matter were deficient. Accordingly, the Court will dismiss Mr. Edwards's Complaint. Mr. Edwards will not be given leave to amend because he has already been given numerous chances to tell his story. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se prisoner would be futile when prisoner "already had two chances to tell his story"). Indeed, with the exception of the claims the Court liberally construed and allowed to proceed in *Edwards v. Morgan*, Civ. A. No. 19-1897 (E.D. Pa.), Mr. Edwards has been unable to articulate a plausible basis for a constitutional violation based on the citations, proceedings in state court related to the violations on his property, or his related incarceration, despite having filed nine lawsuits and having been given many opportunities to amend his claims.

Although the Court warned Mr. Edwards that the repeated filing of new lawsuits based on the same subject matter could result in filing restrictions, Mr. Edwards filed this case a month after receiving that warning. "When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will

continue to do so unless restrained, . . . [the court] is entitled to resort to its power of injunction and contempt to protect its process." *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990). The All Writs Act, 28 U.S.C. § 1651(a), provides a district court with the ability enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against *pro se* litigants." *Brow*, 994 F.2d at 1038. First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038.

The recitation of Mr. Edwards's prior litigation history provides the basis for finding he has been an abusive litigant by filing repeated lawsuits about the same subject matter with the same or similar deficiencies. The Order the Court enters with this Memorandum provides the notice required by *Brow*. The injunction, if entered, will be narrowly tailored to apply only to a new case in which the factual basis is similar to Mr. Edwards's prior lawsuits.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice. The Court having now dismissed similar allegations on numerous occasions, in the Order that follows Mr. Edwards will be directed to

8

show cause why he should not be enjoined from filing any further civil actions alleging claims based upon the same subject matter raised in these cases, namely, the citations related to his property, the proceedings in state court related to those citations, including but not limited to *Commonwealth v. Edwards*, CP-09-SA-0000219-2018 (C.P Bucks Cty.), and the conditions of his related imprisonment at the Bucks County Correctional Facility, including his five-day imprisonment in April of 2019. An appropriate Order follows.

**BY THE COURT:**

_____
**GENE E.K. PRATTER, J.**